

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UVALDO REYES, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 04 C 8125 |
| v. ) | |
| ) | Judge John W. Darrah |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Petitioner's, Uvaldo Reyes's, *pro se* petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

In November 2000, Petitioner and his brother, Alberto Reyes, were charged in a grand jury indictment with one count of conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846 (Count I), one count of possession with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count II), and possession with intent to distribute approximately eight pounds of marijuana in violation of 21 U.S.C. § 841(a)(1) (Count III).

On May 14, 2001, Petitioner pled guilty to Count I, which specifically charged that, on or about July 9, 2000 through on or about August 16, 2000, Petitioner and his brother conspired to sell six kilograms of cocaine from two individuals who, unknown to the defendants, were cooperating with the law enforcement officers, and two other individuals who, also unknown to the defendants, actually were undercover law enforcement officers. At the change of plea hearing, the Government recited the following summary of the Government's evidence:

> [O]n the day that Mr. Uvaldo Reyes took the undercover officer to an adjacent storefront on the North Side of Chicago, counted out six kilograms of cocaine and then went back into the bar where they had been waiting along with his brother, Alberto Reyes, and that the undercover agent brought in the $144,000 that was intended as the purported payment for the six kilograms of cocaine and that thereafter Mr. Uvaldo Reyes and his brother both examined and counted the $144,000 prior to the time that they were placed under arrest by law enforcement.

Thereafter, the plea colloquy continued:

| | |
|---|---|
| THE COURT: | Did you understand what the government just related as to what the facts of this case are? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Do you have any disagreement with those facts as they were just stated? |
| THE DEFENDANT: | No. |
| THE COURT: | Are those facts true? |
| THE DEFENDANT: | In respect to me, yes. |
| THE COURT: | Okay. Very well. You have an absolute right to a trial – |
| AUSA: | Your Honor, I hesitate to interrupt, but the Defendant qualified the factual basis and indicated that the facts were true with respect to him. My concern is, obviously, the factual basis in the plea agreement concerns conduct on the part of his co-defendant, his brother, Alberto Reyes, and I want to make sure that we're clear that he's also admitting those facts with respect to his co-defendant because, obviously, there can't be a conspiracy without acknowledging the conduct of his co-defendant. |

2

After allowing petitioner time to confer with his counsel, the Court again asked Petitioner whether the Government's summary of the alleged evidence was correct. Petitioner responded, "Yes," without further qualification.

On July 13, 2001, the Court granted Petitioner's motion for substitution of counsel, substituting Sheldon Nagelberg as Petitioner's newly retained counsel. On September 6, 2001, Petitioner's counsel filed a motion to determine Petitioner's competency to enter his plea and to be sentenced. On September 17, 2001, Petitioner's motion was granted. In September 2002, Petitioner's counsel moved to withdraw as counsel; and the motion was denied.

On February 6, 2003, following an evidentiary hearing, which included expert testimony from two doctors who examined the Petitioner and Petitioner's own testimony, the Court found that the Petitioner was malingering and that Petitioner was competent to enter his plea and be sentenced On March 27, 2003, the Court entered judgment against the Petitioner and sentenced him to 120 months' imprisonment.

Counsel for Petitioner filed a timely notice of appeal, challenging Petitioner's sentence, claiming that the Petitioner qualified for the "safety-valve" provision of the Sentencing Guidelines Section 5C1.2. On April 20, 2004, the United States Court of Appeals for the Seventh Circuit affirmed Petitioner's sentence, *United States v. Reyes*, 365 F.3d 565 (7th Cir. 2004).

Petitioner raises three arguments: (1) the six kilograms of cocaine used as his base offense level at sentencing was incorrect, (2) the probation officer improperly commented about Petitioner's mental health in the Presentence Investigation Report, and (3) ineffective assistance of counsel for failing to file a notice of appeal.

Section 2255 reads, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. This collateral relief is only available where there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994), quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1992). The district court must review the record and draw all reasonable inferences in favor of the government. *See Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992). However, Petitioner filed this petition *pro se*; therefore, his petition is entitled to a liberal reading. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Petitioner first argues that the calculation of his base offense level, based on six kilograms of cocaine, was in error. The Government argues that Petitioner's claim is barred.

An issue not raised on direct appeal is barred from collateral review absent a showing of good cause and actual prejudice resulting from the failure to raise the issue. *See United States v. Frady*, 456 U.S. 152, 167 (1982) (*Frady*). Cause includes "some objective factor external to the defense" that impeded the defendant's efforts to raise the issue. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). To demonstrate actual prejudice, the defendant has the burden of demonstrating "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170 (emphasis in original).

4

It is unnecessary to determine whether Petitioner has shown cause because he has failed to demonstrate that he suffered actual prejudice to justify collateral relief. *See Frady*, 456 U.S. at 167. Petitioner concedes that he took part in the conspiracy and that he pled guilty to the conspiracy with the intent to distribute six kilograms of cocaine. Petitioner's plea hearing demonstrates that he knowingly pled guilty to distributing six kilograms of cocaine. Petitioner argues, without any explanation, that only three kilograms should be attributable to him. In light of the plea agreement, which clearly stated that Petitioner distributed six kilograms of cocaine, and the plea colloquy, in which the Petitioner agreed with the evidence that would be produced, including that Petitioner distributed six kilograms of cocaine, the Petitioner has failed to demonstrate actual prejudice.

Even if Petitioner could demonstrate cause and actual prejudice, his claim is without merit. As set forth above, Petitioner pled guilty to distributing six kilograms of cocaine. Petitioner repeatedly cites to *Blakely v. Washington*, 124 S.Ct. 2531 (2004) (*Blakely*), and *United States v. Booker*, 125 S.Ct. 738 (2005) (*Booker*). However, the holding in *Booker* is not retroactively applied and would not apply to Petitioner. *See McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005). Furthermore, assuming that the holdings in these cases were retroactive, violations of the Sixth Amendment occur in the application of mandatory sentencing guidelines only when enhancing facts are not reflected in the jury's verdict or admitted by the defendant. *See Booker*, 125 S. Ct. at 749. Petitioner admitted to distributing six kilograms of cocaine; accordingly, *Blakely* and *Booker* are inapplicable.

Petitioner also argues that the probation officer improperly commented upon Petitioner's mental state in the PSI. In the PSI, when discussing whether Petitioner may have obstructed justice through his malingering, the probation officer stated, "Based on the evaluations and the Court's

5

ruling, this officer found that the defendant was at least exaggerating the degree that his mental state may have been impaired, although it cannot be determined if there is some degree of mental health problems." In light of all the facts, the probation officer deferred making a finding of obstruction of justice to the court and did not indicate a sentencing enhancement for obstruction of justice.

Petitioner failed to raise the issue on direct appeal. Furthermore, the Petitioner has failed to demonstrate actual prejudice by the inclusion of the statement. Prior to the PSI, the Court had concluded that Petitioner was malingering and that he was competent to plea guilty and be sentenced. Furthermore, there is no indication that the statement at issue affected the Petitioner's sentencing. Even if Petitioner had not waived this argument, it is without merit.

Lastly, Petitioner argues that his counsel was ineffective for failing to file an appeal. In his reply brief, Petitioner acknowledges that counsel did file an appeal. Petitioner now argues that even though an appeal was filed, counsel was ineffective because he did not move for a mistrial based on the probation officer's statement concerning Petitioner's mental health.

Ineffective assistance of counsel claims not raised on direct appeal are not procedurally defaulted. *See Massaro v. United States*, 123 S. Ct 1690, 1694 (2003). Claims of ineffective assistance of counsel are reviewed under the two-prong test delineated in *Strickland v. Washington*, 466 U.S. 668 (1984) (*Strickland*). Under this test, a defendant must demonstrate both: (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defendant. *See Strickland*, 466 U.S. at 688. The deficiency prong requires a defendant to demonstrate that the representation he received was objectively unreasonable considering all of the circumstances. Counsel's conduct is strongly presumed to satisfy professional standards. *See Strickland*, 466 U.S. at 688-89. To demonstrate actual prejudice, a defendant must show that "counsel's errors were so

serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Strickland*, 466 U.S. at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 696.

Petitioner has failed to demonstrate either prong of the *Strickland* test. Petitioner's counsel acted reasonably in not moving for a mistrial and not appealing the probation officer's statement. Counsel acted reasonably in arguing at sentencing and litigating on appeal the "safety-valve" claim and not litigating the meritless claim regarding the probation officer's statement. Furthermore, Petitioner has failed to demonstrate actual prejudice. As set forth above, the Court had concluded that Petitioner was malingering prior to the probation officer's statement; and there is no indication that the statement at issue affected the Petitioner's sentencing.

For the foregoing reasons, Petitioner's petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.

Dated: May 26, 2005

JOHN W. DARRAH
United States District Judge